**E-Filed 2/23/2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| LARRY ALLEN BURTON,<br><br>        Plaintiff,<br><br>v.<br><br>M. LITWILLER, et al.,,<br><br>        Defendants. | Case Number C 99-20827 JF (PR)<br><br>ORDER[1] RE PLAINTIFF'S CORRESPONDENCE DATED OCTOBER 20, 2009, NOVEMBER 27, 2009, AND JANUARY 18, 2010<br><br>[Docket Nos. 67, 68, 69] |

    Plaintiff, a state prisoner proceeding *pro se*, filed the complaint in this action on July 21, 1999, alleging deliberate indifference and excessive force against twenty-one named Defendants, all of whom were officers and employees at various prison facilities at which Plaintiff had been housed. In addition, Plaintiff sought compensatory damages, a permanent injunction requiring Defendants to evaluate and provide him with appropriate treatment, a declaratory judgment that the alleged acts were unconstitutional, and costs.

    On September 9, 1999, the Court dismissed Plaintiff's claims in part after concluding that Plaintiff's damages claims against Defendants in their official capacities were barred by 42

---

[1] This disposition is not designated for publication in the official reports.

U.S.C. § 1983, that his request for a injunction was moot because of a lack of allegations against Plaintiff's present custodians, and that his claim for excessive force was insufficient except as to the three individuals Plaintiff claimed were responsible for the alleged attack. On June 20, 2000, the Court granted Plaintiff's motion for appointment of counsel; counsel filed a notice of appearance on August 10, 2000.

On October 18, 2001, the Court granted summary judgment for Defendants on the ground that Plaintiff had failed to exhaust administrative remedies with respect to his claims. The Court entered judgment for Defendants on the same date. The Court's order and judgment were "without prejudice to Plaintiff's right to return to federal court if administrative remedies fail to resolve the alleged dispute."

Eight years later, the Court has received correspondence from Plaintiff, who is proceeding *pro se* once again, dated October 20, 2009, November 27, 2009, and January 18, 2010. Plaintiff inquires whether he can resurrect this case and once again obtain appointment of counsel based upon newly acquired information. The answer to Plaintiff's inquiry is no. The judgment in the above captioned action is final. As noted above, however, that judgment is without prejudice to Plaintiff's commencement of a new lawsuit alleging administratively exhausted claims. The Court makes no comment as to whether any such claims would be timely.

Plaintiff requests that the Court send him a number of documents, including the Court's last order in this case, various forms, and the rules of court. The file in this case has been placed in storage; while the Court could request that the Clerk retrieve the file in order to obtain a copy of the order of dismissal, the Court concludes that no purpose would be served by such action because, as noted above, this action is closed and Plaintiff must assert any current claims he may have in a new action. Plaintiff may obtain the relevant forms and legal materials from the facility at which he is housed.

IT IS SO ORDERED.

DATED: 2/23/2010

JEREMY FOGEL
United States District Judge

2

Case No. C 99-20827 JF (PR)
ORDER RE PLAINTIFF'S CORRESPONDENCE
(JFLC2)

Copies of this Order were served upon the following persons:

Danette E. Valdez danette.valdez@doj.ca.gov

James M. Humes James.Humes@doj.ca.gov

Paul D. Gifford paul.gifford@doj.ca.gov, rhonda.owens@doj.ca.gov

Susan J. King susan.king@doj.ca.gov

Thomas R. Hogan trh@hoganlaw.com, lholmes@hoganlaw.com, mvb@hoganlaw.com

Larry Burton, C-46226
California Medical Facility
P.O. Box 2000, Bed #N3-336L
Vacaville, CA 95696-2000